# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **CEDRIC STURDIVANT, #214805,** | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 13-0556-WS-N |
| **GARY HETZEL, et al.,** | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

### I. Nature of Proceedings.

The complaint that is before the Court for screening is the third amended complaint. (Doc. 13). Early in this action, the Court intervened due to plaintiff's manner of pleading the original complaint and the subsequent two amended complaints (Docs. 1, 4, 11), and ordered plaintiff to replead his original complaint and the two amended complaints. (Docs. 3, 10, 12). The Court's first intervention was due to the original complaint not being on the Court's current complaint form, so plaintiff was ordered to file his complaint on the current § 1983 complaint form, which he did. (Docs. 1, 3, 4). In screening the first amended complaint, the Court pointed out deficiencies to plaintiff and ordered plaintiff to file a second amended complaint that

corrected the pleading deficiencies and provided supporting facts for his claims in order to state a plausible claim. (Doc. 10).

In the second amended complaint, plaintiff added an assault claim that occurred on October 24, 2013, which was not related to the September 2, 2013 assault claim about which he had been complaining in his prior complaint and in the first amended complaint. (Docs. 11, 12). Thus, the Court ordered plaintiff to file a third amended complaint that contained *only one* claim and any claims that were closely related to it. (Doc. 12). The Court warned plaintiff that the third amended complaint would supersede his other complaints and that he should not rely on them. (Id. at 3). In addition, plaintiff was warned that his failure to comply with the Court's pleading directives would result in the dismissal of his action for failure to comply with the Court's orders. (Id.).

Even though the Court gave pleading directions to plaintiff, in pleading his third amended complaint, plaintiff did not adhere to those instructions. (Doc. 10; Doc. 12). Plaintiff did elect to proceed on only one claim, the assault claim that arose on September 2, 2013. (Doc. 13 at 4). However, he named only one defendant, Gary Hetzel, Head Warden at Holman Correctional Facility, and alleged that defendant Hetzel failed to provide adequate security. (Id. at 5). The totality of the other allegations in the third amended complaint are: "Due to security failure[,] I was stabbed in D-dorm here at Holman Corrections Facility [] on September 2, 2013. . . . The officer that was working the dormitory [] was not in the dormitory instead he was standing in the hallway conducting pill call." (Id. at 4-5). For relief, plaintiff wants $100,000 for his pain and suffering, and to be transferred from Holman and not be allowed to return. (Id. at 7).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding in forma pauperis, the Court is screening his third

2

amended complaint (Doc. 13) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[1] A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a pro se litigant's allegations, a court holds them to a more lenient standard than those of an attorney, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596,

---

[1] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

3

30 L.Ed.2d 652 (1972), but it does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662, 129 S.Ct. 1937). Furthermore, factual allegations are treated as true, but conclusory assertions or a recitation of a cause of action's elements are not. Iqbal, 556 U.S. at 681, 129 S.Ct. at 1951. In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

### III. Discussion.

#### A. Failure to State a Claim upon Which Relief Can Be Granted.

The sole defendant is the warden who is a supervisor. As a supervisor, liability cannot be imposed against him "under § 1983 for the unconstitutional acts of [his] subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Rather, a supervisor can only be held liable in a § 1983 action when the supervisor "personally participated in the alleged unconstitutional conduct or that there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Franklin v. Curry, 738 F.3d 1246, 1249 (11th Cir. 2013) (quotation marks omitted); see Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (in order to state a § 1983 claim, a plaintiff must establish a causal connection between a defendant's actions, orders, customs, or policies and a deprivation of his constitutional rights).

In the action at hand, no facts are alleged reflecting that defendant Hetzel was involved in the actual incident. Therefore, it appears that plaintiff is attempting to hold defendant Hetzel

4

liable for the acts or omissions of the officer who was absent from the dorm conducting pill call. Liability against defendant Hetzel, however, cannot be imposed based solely on the acts of his subordinate. Cottone, 326 F.3d at 1360 ("It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability"). Thus, plaintiff failed to state a claim upon which relief can be granted.

On the other hand, an examination of the third amended complaint shows that the allegation specifically directed to defendant Hetzel is he failed to provide adequate security. (Doc. 13 at 5). Plaintiff does not describe the security that defendant Hetzel provides, nor does he describe how the security is inadequate. Due to the lack of facts, a plausible claim against defendant Hetzel on another basis is not stated. For this reason, the action is due to be dismissed for failure to state a claim upon which relief can be granted. See Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 ("a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'").

Alternatively, the Court observes that the other means by which a supervisor may be held liable under the Eighth Amendment has two components that must be satisfied. Johnson v. Boyd, __ App'x __, 2014 WL 2523832 (11th Cir. 2014) (unpublished)[2] ("A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment.") (quoting Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003)). Plaintiff, however, does not identify the risk of serious harm that he faced. Regardless of the means by

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

5

which plaintiff would attempt to show a substantial risk of serious harm, he would be required to show defendant Hetzel's deliberate indifference to it.

"Deliberate indifference requires the following: '(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence.'" Franklin, 738 F.3d at 1250 (quotation omitted). "[T]o be deliberately indifferent a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. (quotation and internal quotation marks omitted). Here, plaintiff failed to allege that defendant Hetzel knew that security was inadequate. Thus, plaintiff failed to allege one component of an Eighth Amendment claim – deliberate indifference – and thereby failed to state an Eighth Amendment claim against defendant Hetzel. Accordingly, it is recommended that, on this alternative ground, this action be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**B. Failure to Comply.**

In the alternative, plaintiff's action is subject to dismissal for failure to obey the Court's orders to file an amended complaint that complied with the Court's order to file an amended complaint that complied Rule 8(a) of the Federal Rules of Civil Procedure and with the Court's pleading directives. Pelletier v. Zweifel, 921 F.2d 1465, 1522 n.103 (11th Cir.) (dismissal of the complaint is available when a plaintiff fails to comply with the Court's order to plead a complaint that complies with Rule 8(a)), cert. denied, 502 U.S. 855 (1991), abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146 (11th Cir. 2011); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure

[and] [t]hese rules provide for sanctions for misconduct and for failure to comply with court orders.").

Plaintiff was provided with information necessary to plead an amended complaint that complied with Rule 8(a) of the Federal Rules of Civil Procedure and warned more than once that his complaint would be subject to dismissal for his failure to file an amended complaint that complied with this aspect of the Court's orders. (Doc. 10 at 4-5; Doc. 12 at 3). Plaintiff's second amended complaint and now his third amended complaint do not comply with Rule 8(a) and the Court's directives, as there is an absence of factual information to support his claims so that his claims move from vague and conclusory allegations to stating a claim that is plausible.

In view of plaintiff's failure to comply with the Court's orders and Rule 8(a), it is recommended that plaintiff's action be dismissed without prejudice for failure to comply with the Court's orders and to plead an amended complaint that complies with Rule 8(a). Forde v. Miami Fed. Dep't of Corrs., __F. App'x __, 2014 WL 4116817, at *2 (11th Cir. Aug. 22, 2014) (unpublished) (rejecting the plaintiff's argument that his pro se status excused him from complying with the court's order instructing him on pleading an amended complaint and observing that the Federal Rules of Civil Procedure authorized a district court to dismiss sua sponte an action for failure to comply any court order or the Rules).

**IV. Conclusion.**

Based upon the foregoing reasons, it is the recommendation of the undersigned that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, Attorney Gen., State of Ala. 715 F.3d 1295, 1300 (11th Cir. 2013). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this day of 10th September, 2014.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**